IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JETAVIAN BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: 1:16-cv-913-MHT-WC |
| | ) | |
| CITY OF DOTHAN, ALABAMA, | ) | |
| ET AL., | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 22, 2017, Defendants filed a motion to dismiss (Doc. 24) Plaintiff's complaint or, in the alternative, a motion for more definite statement. The undersigned entered an order (Doc. 25) on February 23, 2017, directing Plaintiff to show cause, if any there be, why the motion should not be granted. On March 16, 2017, Plaintiff filed a response (Doc. 26) requesting that this court permit him to submit a Second Amended Complaint, which purportedly addressed Defendants' concerns, and attached the proposed amended complaint thereto. Doc. 26 at 1. Although given an opportunity to reply, Defendants did not do so. Accordingly, the issue is now ripe for recommendation to the United States District Judge.[1]

Defendants move this court "to dismiss Plaintiff's First Amended Complaint or[,] in the alternative[,] to replead his said Complaint" based upon Federal Rules of Civil

---

[1] On January 13, 2017, the District Judge referred the above-styled case to the undersigned "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 21.

Procedure 8, 10(b), and 12.[2]  Doc. 24 at 1.  Defendants argue that count one of Plaintiff's complaint—a claim for deliberate indifference to excessive force and policies of failure to train and supervise—is deficient because Plaintiff has not named Defendant City of Dothan or Defendant Police Chief Parrish as defendants.  *Id*. at 1-2.  Defendants argue that Plaintiff cannot establish that the named Defendants—individuals Davis, Krabbe, Saxon, and Cole—are policy makers for the Dothan Police Department; thus, Defendants argue, Plaintiff cannot establish liability against these individual Defendants.  *Id*.  As to the remainder of the complaint, Defendants argue that counts two, three, five, six, seven, eight, nine, and ten fail to clarify which allegations are against which Defendants.  *See generally id*. at 3-5.  Accordingly, Defendants request that the court dismiss count one of Plaintiff's complaint, and that Plaintiff be required to re-plead the remaining aforementioned counts.  *Id*. at 4-5.

Plaintiff responds that, while he believes his complaint is "not 'so vague or ambiguous' that Defendant[s] cannot 'reasonably prepare a response[,]'" Plaintiff submits a second amended complaint "in hopes of resolving any questions Defendants may have with regard to what they are to respond to."  Doc. 26 at 2.  Plaintiff further responds that count one of the Second Amended Complaint "inadvertently omit[s]" Defendant City of Dothan and Defendant Parrish.  *Id*.  Plaintiff asserts that those

---

[2] Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires a party to state his claim in numbered

Defendants were mistakenly omitted "during the re-draft of the Complaint[,]" and that Plaintiff should be allowed to correct the error in the interests of justice. *Id*.

In general, courts are inclined "to address the merits of litigation and to discourage the resolution of disputes on technicalities." *Guarantee Ins. Co. v. Merchs. Emp'r Benefits, Inc.*, Civil Action No. 5:07-cv-307 (CAR), 2008 WL 2559436, at * 1 (M.D. Ga. June 23, 2008); Fed. R. Civ. P. 8. Here, Plaintiff states that his failure to name certain Defendants in count one was due to oversight during the drafting of his first amended complaint. Further, while Plaintiff asserts that the remainder of his complaint provides Defendants with enough notice to respond, Plaintiff, "in an effort to resolve this matter expeditiously and without a great deal of conflict," Doc. 26 at 2, has nonetheless submitted a second amended complaint to address Defendants' concerns. Although given the opportunity to do so, Defendants have not argued against the court's acceptance of Plaintiff's Second Amended Complaint. Thus, the undersigned concludes that Plaintiff should be allowed to submit his proposed second amended complaint. Accordingly, the undersigned

RECOMMENDS that Defendants' motion for a more definite statement be GRANTED, and that Defendants' motion to dismiss Plaintiff's complaint be DENIED as MOOT. The undersigned further

---

paragraphs. If a plaintiff has multiple claims, the plaintiff must state his claims in separate counts, if doing so would promote clarity. Fed. R. Civ. P. 10(b).

RECOMMENDS that Plaintiff be directed to refile his proposed Second Amended Complaint **on or before June 30, 2017.** Finally, the undersigned

RECOMMENDS that this case be referred back for further proceedings.

Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before June 23, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

DONE this 9th day of June, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE