## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JETAVIAN BRYANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV:  CV:  1:16-cv-913-WC** |
| | ) | |
| **CITY OF DOTHAN, ALABAMA, a** | ) | |
| **municipal corporation; Police Chief** | ) | |
| **STEVE PARRISH of Dothan, Alabama,** | ) | |
| **is sued individually and in his official** | ) | |
| **capacity; INVESTIGATOR THOMAS** | ) | |
| **DAVIS, individually, INVESTIGATOR** | ) | |
| **MATT KRABBE, individually;** | ) | |
| **CPL DAVID SAXON, individually; and** | ) | |
| **CPL ROBERT COLE, individually;** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, by and through his attorney of record, hereby and files this Second Amended Complaint against Defendants as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over the parties and subject matter of this cause.

2.     Plaintiff invokes the concurrent jurisdiction of this Court for claims pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

3.     This Court has original jurisdiction for all state law claims that arise from the same facts and circumstances.

4.     All averments in this complaint occurred in Dothan, Alabama in Houston County. Proper and timely notice was given to the City of Dothan.

### PARTIES

5.     Plaintiff Jetavian Bryant, (hereinafter to as Plaintiff) is a citizen of the United States of America, the State of Alabama, and a resident of Dothan, Houston County, Alabama.

6.     Defendant City of Dothan, Alabama is a municipal corporation incorporated under the laws of the State of Alabama and is legally responsible for the customs, policies, and practices

of its Police Department that resulted and were a proximate cause of the violation of Plaintiff's clearly established constitutional rights under the United States Constitution, Statutes, and case law. At all times relevant, the City of Dothan and its Police Department had policies, customs and practices violated Plaintiff's clearly established constitutional rights. This is also an action against the City of Dothan, its Police Chief, Steve Parrish.

7.      Defendant Chief of Police Steve Parrish (hereinafter referred to as "Defendant Parrish") was the head of the Department at the time of the incidents described herein and the person over Defendants  that participated in use of excessive force against Plaintiff.      Defendant Parrish is sued in his individual  capacity.

8.      Defendant Investigator Thomas Davis  (hereinafter referred to as Defendant Davis) at all times relevant was a City of Dothan Police Officer on duty at the time of the incidents complained of herein and was one of the officers who used excessive force on Plaintiff and acted with deliberate indifference to Plaintiff's constitutional rights as they were being violated. Defendant Davis is being sued in his individual capacity.

9.      Defendant Investigator Matt Krabee (hereinafter referred to as Defendant Krabee) at all times relevant was a City of Dothan Police Officer on duty at the time of the incidents complained of herein and was one of the officers who participated in and failed to prevent the use of excessive force against Plaintiff and acted with deliberate indifference to Plaintiff's constitutional rights as they were being violated.  Defendant Krabee is being sued in his individual capacity.

10.     Defendant Cpl David Saxon (hereinafter referred to as Defendant Saxon) at all times relevant was a City of Dothan Police Officer on duty at the time of the incidents complained of herein and was one of the officers who participated in and failed to prevent the use of excessive force against Plaintiff and acted with deliberate indifference to Plaintiff's constitutional rights as they were being violated.  Defendant Saxon is being sued in his individual capacity.

11.     Defendant Cpl Robert Cole (hereinafter referred to as Defendant Cole) at all times relevant was a City of Dothan Police Officer on duty at the time of the incidents complained of herein and was one of the officers who participated in and failed to prevent the use of excessive force against Plaintiff and acted with deliberate indifference to Plaintiff's constitutional rights as they were being violated.  Defendant Cole is being sued in his individual capacity.

12.     The term Defendant Officers used herein shall be used to refer to all named Defendants who serve as officers with the City of Dothan Police Department who caused and/or contributed to the cause of the injuries sustained by Plaintiff as a result of the use of excessive force.

## FACTS

13.     On or about November 21, 2014, Plaintiff was a backseat passenger in a vehicle driven by a female friend.

14.     As they pulled into Beverly Crossing Apartments in Dothan, Alabama.  The vehicle in which Plaintiff was riding, was pulled over by Defendants Davis, Krabbe, Saxon and Cole.

15.     After the vehicle stopped, Plaintiff immediately exited the car with his hands raised and placed them on the roof of the vehicle.

16.     Despite this, either individually or in concert, Defendants Davis, Krabbe, Saxon and Cole rushed over and without cause body slammed Plaintiff to the ground.

17.     While Plaintiff was lying defenseless and none aggressive in a prone position on the ground, Defendants Davis, Krabbe, Saxon, and Cole began striking and punching Plaintiff repeatedly in the face..

18.     While Defendants Davis, Krabbe, Saxon and Cole were beating Plaintiff, Defendant Thomas began choking Plaintiff and saying "I'm going to kill your ass today."

19.     As a direct result of the unwarranted  assault Plaintiff suffered injuries to his face, shoulder, back and stomach.

20.     After being severely beaten, Plaintiff was placed in handcuffs and placed in the police vehicle.

21.     While in physical restraints and sitting in the police vehicle, Defendant Davis without cause snatched Plaintiff out of the police vehicle and body slammed him on the ground.

22.     An unidentified Defendant Officer, placed his foot on the side of Plaintiff's face and another unidentified Defendant Officer placed his foot on Plaintiff's back.  Plaintiff is unable to identify the officers who carried out these actions out because Plaintiff was face down on the ground.

23.     However, while being pinned down, Defendant Davis pulled Plaintiff's pants down and subjected him to two full body cavity searches in the parking lot of Beverly Crossing Apartments while witnesses looked on.

3

24.     In the presence of witnesses, Plaintiff's pants were pulled to his ankles while Defendant Davis proceeded to stick his hand up Plaintiff's rectum and perform a body cavity search in violation of accepted police protocols for strip searches.

25.     The conduct of Defendants Davis, Krabbe, Saxon and Cole , jointly and severally, shocks the consciousness of ordinary law abiding citizens.

26.     Defendants Davis, Krabbe, Saxon and Cole herein, separately and in concert, engaged in conduct herein described in paragraphs 13-24 causing the injuries to Plaintiff as described above,

27.     The conduct of each of the named Defendants, individually and in concert, deprived Plaintiff of the rights, privileges, and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

28.     As a result of the aforesaid acts described in paragraphs 13-24 on the part of each of the afore-named Defendants, Plaintiff suffered personal injuries and damages, and will suffer permanent injuries in the future, and was deprived of his civil liberties, and was deprived of his clearly established constitutional right to be free from excessive force during arrest as set forth in the 4th Amendment of the United States Constitution.

29.     As a proximate cause of the aforesaid actions, omissions, and conduct of the afore-named Defendants, Plaintiff's clearly established constitutional rights to be free from unreasonable search and seizure and from excessive force during arrest as described in paragraphs 13-24, and his rights to due process under the Fourth and Fourteenth Amendments were violated.

30.     Defendant City of Dothan and Defendant Parrish, authorized, ratified and confirmed the above stated conduct by:

  a.  Their customs, policies, and practices within the Dothan Police Department of failing to properly supervise and train officers such as Defendant Officers to follow proper procedures related to strip searches and full body cavity searches and/or to use only reasonable force in making an arrest, and to protecting the constitutional rights of citizens; and preventing violations to those rights.

  b.  Their customs, policies, and practices within the Dothan Police Department of allowing the widespread use of excessive force by police officers and violating constitutional rights of citizens;

c.   Their customs, policy, and practice within the Dothan Police Department of not having formal policies, rules, and regulations regarding police officer conduct and police procedures.

31.     At all times mentioned herein Defendant City of Dothan, was a municipal corporation of the State of Alabama, and was the employer of Defendant Parrish and Defendant Officers Davis, Krabbe, Saxon and Cole, who provided each of the individual Defendants with an official badge and identification card which designated and described its bearer as a police officer of the City of Dothan Police Department.

32.     The City of Dothan is the municipal corporation in whose name the above said officers performed all acts and omissions alleged herein.

33.     During all times mentioned herein, the City of Dothan, Defendant Parrish and Defendant Officers, separately and in concert, acted under color of law, to-wit, under the color of statutes, ordinances, regulations, customs and usages of the State of Alabama, Houston County, and the City of Dothan.

34.     At all times mentioned herein Defendant Officers were acting within the line and scope of their duties as peace officers and acting under the color and authority of state and municipal laws customs, usage and practice.

35.     Alternatively, at all times herein, Defendant Officers were acting individually and outside the line and scope of their duties and responsibilities as peace officers, agents, employees, and officials of the City of Dothan and the Dothan Police Department.

36.     As a result of the actions of the Defendants, Plaintiff suffered injuries to his face, back, arm, shoulder, and rectum.  Plaintiff further incurred medical expenses and has suffered emotional distress and mental anguish.

**COUNT ONE**
**SECTION 1983 CLAIM DELIBERATE INDIFFERENCE**
**DEFENDANTS CITY OF DOTHAN, PARRISH, DAVIS, KRABBE, SAXON, AND COLE**

37.     Plaintiff incorporates by reference the factual allegations contained in paragraphs 13-36 that describes the conduct of Defendants City of Dothan, Parrish, Davis, Krabbe, Saxon and Cole.

38.     Defendants City of Dothan, Parrish, Davis, Krabbe, Saxon and Cole collectively and separately and severally, exercising their position of authority and acting under color of state law in their capacity of public officials and representatives of the City of Dothan and the Dothan Police Department, violated Plaintiff's above described federally protected statutory rights by:

      a.   Deliberate indifference to clearly established constitutional rights of Plaintiff to be free from excessive force during arrest;

      b.   Unofficial practice of using excessive force during arrests; and

      c.   Customs, policies, and practices of failing to or inadequately supervising and training police officers, especially Defendant Officers the use of excessive force and full body cavity search and/or strip searches.

39.     Defendant City of Dothan and Parrish have a custom and/or policy that supports, allows, and constitutes a deliberate indifference to the constitutional rights of the Plaintiff and similarly situated individuals.

40.     As a proximate result of aforesaid actions and omissions of the above Defendants, Plaintiff suffered violations of his clearly established constitutional rights as set forth in the 4th and 14th Amendments and personal injuries and damages as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

**COUNT TWO**
**FOURTH AMENDMENT DEFENDANT DAVIS**

41.     Plaintiff incorporates by reference the factual allegations contained in paragraphs 13-25 that describes the conduct of Defendant Davis.

42.     The Fourth Amendment of the *United States Constitution* states, "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

43.     Defendant Davis  subjected Plaintiff to:

6

a. Two full body cavity searches in the view of the public, in an apartment complex parking lot in violation of accepted policies, procedures, and/or protocols governing said searches; and

b. A strip search in the view of the public, in an apartment complex parking lot in violation of accepted policies, procedures, and/or protocols governing said searches

44. As a result, Plaintiff's rights to be free from unlawful search and seizure were violated by Defendant Davis

45. As a proximate result of aforesaid actions and omissions of the above Defendant Davis, Plaintiff suffered violations of his clearly established constitutional rights and personal injuries and damages as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT THREE
## SECTION 1983 CLAIM EXCESSIVE FORCE
## DEFENDANTS DAVIS, KRABBE, SAXON, AND COLE

46. Plaintiff incorporates by reference the factual allegations contained in paragraphs 13-24 that describes the conduct and/or actions of Defendants Davis, Krabbe, Saxon and Cole.

47. Defendants Davis, Krabbe, Saxon and Cole punched and kicked Plaintiff in the face without justification while Plaintiff was lying face down on the ground.

48. Defendants Davis, Krabbe, Saxon and Cole's use of excessive and unreasonable force, proximately caused violations to Plaintiff's clearly established 4th and 14th rights under the *United States Constitution* as described above and Plaintiff's injuries and damages described above.

49. Defendants Davis, Krabbe, Saxon and Cole were acting under color of state law.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

**COUNT FOUR**
**CLAIM AGAINST DEFENDANTS KRABBE, SAXON, AND COLE FOR FAILING TO**
**PREVENT EXCESSIVE AND UNREASONABLE USE OF FORCE DURING THE**
**ARREST**

50.     Defendants Krabbe, Saxon, and Cole were on the scene of the incident complained of in paragraphs 13-24 herein and violated Plaintiff's civil rights by failing to intervene and stop Defendant Davis from unlawfully subjecting Plaintiff to two full body cavity searches and/or strip search.

51.     Defendants Krabbe, Saxon, and Cole were on the scene of the incident complained of in paragraphs 13-24 herein and violated Plaintiff's civil rights by failing to intervene and stop the excessive and unreasonable force being used against Plaintiff by Defendant Thomas.  In fact, Defendants Krabbe, Saxon and Cole joined in.

52.     Defendants Krabbe, Saxon and Cole knew or should have known and/or observed Defendant Davis' unlawful full body cavity searches and/or strip searches and knew said acts were unlawful.

53.     Defendants Krabbe, Saxon, and Cole knew or should have known and/or observed Defendant Davis and each other use of excessive force and knew said acts were unlawful.

54.     Defendant Krabbe, Saxon and Cole had the realistic opportunity to intervene but failed to take reasonable steps to prevent the violations of Plaintiff's clearly established constitutional rights described above.

55.     As a proximate result of the Defendants Krabbe, Saxon and Cole's' failure to intervene and/or take reasonable steps to prevent the use of excessive force upon Plaintiff and the unlawful search and seizure, Plaintiff suffered a violation of his 4th Amendment Rights to Due Process and injuries and damages as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

**COUNT FIVE**
**POLICYMAKER RATIFICATION MUNICIPAL LIABILITY 42 U.S.C. 1983**
**DEFENDANTS CITY OF DOTHAN AND CHIEF OF POLICE PARRISH**

56.     Defendant Parrish was the Chief of Police of Defendant City of Dothan.

57.     Defendant City of Dothan along with Defendant Parrish had final policymaking authority over the City of Dothan law enforcement practices, including use of excessive force as described in paragraphs 13-24 of this Amended Complaint.

58.     Defendant Parrish in his capacity as Chief of Police and final policymaker and decision maker for the Dothan Police Department and the City of Dothan acted under color of state law.

59.     In his capacity as Chief of Police, Defendant Parrish had the authority under state law and municipal practice of said city, to formulate and oversee official and unofficial policies, practices and customs of the police department for hiring, screening, training, supervision, and discipline of the police officers of the department.  Defendant City of Dothan authorized, ratified, and confirmed said policies, practices and customs of the Dothan Police Department.

60.     In his capacity as Chief of Police, Defendant Parrish has the authority and was responsible for investigating complaints of police misconduct and imposing discipline or recommending the imposition of discipline upon police officers and formulating policies, practices, and customs relating thereto.

61.     Plaintiff suffered violations of his federally protected rights not to be subject to unreasonable and excessive force during arrest.

62.     Plaintiff suffered violations of his federally protected rights not to be subject to unreasonable search and seizure.

63.     The above described deprivations of Plaintiff's rights were caused by Defendants Davis, Krabbe, Saxon, and Cole.

64.     Defendant Parrish and Defendant City of Dothan ratified the actions of the above named officers and the basis for those actions by:

- By failing to properly vet these officers prior to hiring;

- by failing to properly train and/or supervise these officers to ensure said deprivations of rights would not occur; and

- by failing to properly and/or adequately discipline these officers and others similar situated for depriving the citizens of their Constitutional Right to be free from unreasonable and excessive force and unreasonable search and seizure.

65.     As a proximate result of Defendants Parrish and City of Dothan's ratification of the above actions by Defendants Davis, Krabbe, Saxon and Cole, Plaintiff suffered violation of his 4th Amendment Right to Due Process, personal injuries and damages as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT SIX
## INADEQUATE TRAINING MUNICIPAL LIABILITY UNDER 42 U.S.C. 1983
## DEFENDANTS CITY OF DOTHAN AND CHIEF OF POLICE PARRISH

66.     City of Dothan and Defendant Parrish, inadequately trained in its police officers in that they

a.    Inadequately trained its police officers in use of unreasonable and excessive force during arrest;

b.    Inadequately trained its police officers in the policies and procedures that govern full body cavity searches and/or strip searches;

c.    Inadequately trained its police officers in the intervention and prevention of violations of federally protected constitutional rights of citizens; and

d.    Inadequately trained its police officers in protecting the federally protected constitutional rights of its citizens.

67.     The acts of Defendants Davis, Krabbe, Saxon, and Cole deprived Plaintiff of his federally protected 4th Amendment Rights as stated above in paragraphs 13-24.

68.     The acts of Defendants Davis, Krabbe, Saxon and Cole deprived Plaintiff of his federally protected 14th Amendment Rights as stated above in paragraphs 13-24.

69.     Defendants Davis, Krabbe, Saxon, and Cole were acting under color of state law.

70.     The training policies of Defendant City of Dothan and Defendant Parrish were either non-existent or were not adequate to train its police officers to handle the usual and reoccurring situations with which they must deal, including but not limited to, use of unreasonable and excessive force as described above in paragraphs 13-24.

71.     Defendant City of Dothan and Defendant Parrish were deliberately indifferent to the obvious consequences of its failure to train Defendant Officers.

72.     The failure of Defendant City of Dothan and Defendant Parrish to provide adequate training proximately caused the deprivation of Plaintiff's rights by Defendants Davis, Krabbe, Saxon and Cole, that is the Defendant City of Dothan's and Defendant Parrish's failure to train was so closely related to the deprivation of Plaintiff's federally protected constitutional rights as to be the moving force that caused Plaintiff's ultimate injuries.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

**COUNT SEVEN**
**CUSTOM AND PRACTICE MUNICIPAL LIABILITY UNDER 42 U.S.C. 1983**
**DEFENDANTS CITY OF DOTHAN AND CHIEF OF POLICE PARRISH**

73.     Plaintiff incorporates by reference the factual allegations contained in Counts 30-36 that describes the conduct and/or actions of the Defendants City of Dothan and Parrish.

74.     Defendant City of Dothan and Defendant Parrish, were policy-makers for the City of Dothan Police Department.

75.     The violation of Plaintiff's rights was pursuant to a long-standing custom and practice of implicit approval by Defendant City of Dothan and Defendant Parrish's unofficial use of excessive and unreasonable force and improper full body cavity searches and/or strip searchers by members of the Dothan Police Department and in connection with not training and/or adequately supervising their police officers.

76.     Defendant City of Dothan and Defendant Parrish:

   a. Created an unofficial practice under which such as the unconstitutional acts such as those described could occur;

   b. Allowed the continuation of the said unofficial unconstitutional practices to continue on the day of the incident described herein;

   c. Failed to discipline the officers directly involved in the incident;

   d. Failed to supervise the officers directly involved in the incident; and

   e. Were otherwise deliberately indifferent to supervision of the officers involved directly in the incident.

77.    As a proximate result of the actions of Defendant City of Dothan and Defendant Parrish described above, Plaintiff's federal and constitutional rights were violated.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

**COUNT EIGHT**
**SUPERVISOR LIABILITY UNDER 42 U.S.C. 1983 OF DEFENDANT CITY OF**
**DOTHAN AND DEFENDANT PARRISH**

78.    Plaintiff incorporates by reference the factual allegations contained in Counts 30-36 that describes the conduct and/or actions of the Defendants City of Dothan and Parrish.

79.    Defendants City of Dothan and Parrish, facilitated the acts described above by:

    a.   Creating an unofficial practice under which such as the unconstitutional acts such as those described could occur;

    b.   Allowing the continuation of the said unofficial unconstitutional practices to continue on the day of the incident described herein;

    c.   Failing to discipline the officers involved in the incident; and

    d.   Failing to supervise the officers involved in the incident;

80.    Defendants City of Dothan, Parrish and the above described Dothan Police Lieutenant and Dothan Police Sergeant were informed of the above described use of excessive force upon Plaintiff but failed to take disciplinary actions against the above described officers and were otherwise indifferent to supervising Defendant Officers who engaged in the above stated constitutional acts.

81.    As a proximate result of the Defendants indifference, Plaintiff's federally protected constitutional rights were violated as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT NINE
## STATE CLAIMS ASSAULT AND BATTERY/INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS DEFENDANTS DAVIS, KRABBE, SAXON, AND COLE

82.     The acts of Defendants Davis, Krabbe, Saxon and Cole, as described in paragraphs 13-24, were done willfully, maliciously, outrageously, recklessly, deliberately, and with the intention to inflict personal injuries and emotional distress upon Plaintiff.

83.     Said acts of punching Plaintiff for no justifiable reason caused Plaintiff to fear for his life, and were done in reckless disregard of the probability of causing Plaintiff personal injuries, pain and suffering, fear of harm and emotional distress.

84.     Said acts of searching Plaintiff's rectum in an apartment parking lot caused Plaintiff pain and suffering, fear of harm and emotional distress.

85.     As a proximate cause of the above described acts of Defendants Davis Krabbe, Saxon, and Cole, Plaintiff suffered the injuries described above.

86.     Plaintiff was transported from the jail to Southeast Alabama Medical Center Emergency Room and treated as a result of the Defendant Officers' acts.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

## COUNT TEN
## STATE CLAIM- RESPONDEATE SUPERIOR
## DEFENDANTS CITY OF DOTHAN AND CHIEF OF POLICE PARRISH

87.     At all times mentioned herein, Defendant City of Dothan, acting by and through Defendants Parrish were superiors over Defendant Officers and exercised supervision and control over Defendants Davis, Krabbe, Saxon and Cole and at all times were responsible over their actions as described in paragraphs 13-24.

88.     As a proximate result of said Defendants reckless and negligent supervision, management, and control over Defendant Officers, Plaintiff suffered injuries and damages as described above.

WHEREAS PREMISES CONSIDERED, Plaintiff demands compensatory damages, punitive damages, attorney fees, and expenses and costs against the said Defendants, separately and severally, in an amount of to be determined.

13

## PRAYER FOR RELIEF

89.     Plaintiff prays that this Court assume jurisdiction of the cause and exercise its supplemental jurisdiction of all state claims;

90.     Grant the Plaintiff compensatory and punitive damages separately and severally against the above described Defendants and in their individual and official capacities;

91.     Award Plaintiff costs and reasonable attorney fees as authorized by 42 U.S.C. 1988;

92.     Enjoin Defendants from further acts of violence and indifference such as that alleged herein;

93.     Order the City of Dothan and Defendant Parrish to draft policies and procedures to be reviewed by this Honorable Court and implemented in the City of Dothan Police Department, and to review their supervisory and training programs in the Dothan Police Department, and implement changes to incorporate better training programs of their officers;

94.     Order the current Dothan Police Chief to retrain his police officers to use reasonable force when making arrest;

95.     Order the current Dothan Police Chief to retrain his police officers to utilize full body cavity searches and/or strip searches in accordance with acceptable practices and in appropriate surroundings; and

96.     Award such other, further, and different relief as this Honorable Court may deem appropriate, fair and equitable.

Respectfully Submitted,


/s/ Tiffany Johnson Cole
_____
TIFFANY JOHNSON COLE (JOH173)
ROBERT SIMMS THOMPSON (THO038)
Attorney for Plaintiff


**OF COUNSEL:**
**LAW OFFICES OF ROBERT**
        **SIMMS THOMPSON, PC**
P.O. Box 830780
Tuskegee, Alabama  36083
334.727.6463
334.727.5746 (Facsimile)

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 3rd day of July 2017, I electronically filed the foregoing with the Clerk of the Court hand delivered, and I further certify that a copy of the foregoing should be delivered via email to the counsel of record listed below:

        F. Lenton White
        P.O. Box 2128
        Dothan, Alabama  36302

        Joe E. Herring, Jr.
        P.O. Box 2128
        Dothan, Alabama  36302

        /s/ Tiffany Johnson Cole
        _____
        Of Counsel

15