IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JETAVIAN BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:16cv913-ECM |
| | ) [WO] |
| CITY OF DOTHAN, ALA., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Now pending before the court is the Recommendation of the Magistrate Judge (doc. # 56) which recommends that summary judgment be granted in part and denied in part with respect to the plaintiff's claims of excessive force. On July 26, 2018, the defendants filed objections to the Recommendation (doc. # 57). The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b). For the reasons that follow, the objections are due to be overruled and the Recommendation adopted.

The defendants first argue that the Magistrate Judge failed to consider all the undisputed facts and draws the incorrect inferences from those facts. The defendants contend that Magistrate Judge failed to properly consider the medical records and their depositions which "blatantly contradict[] Bryant's story." (Doc. # 57 at 9).

When viewing the evidence and drawing all inferences in the light most favorable to Mr. Bryant, as this Court must do when addressing a motion for summary judgment, Bryant has presented evidence from which a reasonable jury could conclude that the defendants used excessive force against him when they arrested him because he was not actively resisting or attempting to evade the officers. Although the defendants point to evidence that Bryant was in possession of a firearm,[1] was actively resisting arrest and was refusing to obey officers' instructions to justify their use of force against Bryant, they ignore Bryant's contradictory evidence that no force was necessary because he was already out of the car, with his hands on the roof in a surrendered position.

In addition, while the jail records indicate minimal injuries to Bryant, medical records from the Southeast Alabama Medical Center demonstrate that Bryant was diagnosed with head injuries, contusions and hematoma and subconjunctival hemorrhage. (Doc. # 51 at 11). Because Bryant asserts that no force was necessary,

---

[1] The defendants assert that the Magistrate Judge misconstrued the evidence because he failed to adequately consider that "the discrete incident that precipitated the officers forcefully putting Bryant on the ground was his possession of a gun." (Doc. # 57 at 12). Construing the facts in the light most favorable to the plaintiff, Bryant did not have possession of or access to the gun when the officers attacked him because he was standing outside of the car in a surrendered position with his hands on the vehicle.

.

and the defendants contend that the force that was used was reasonable under the circumstances,[2] these factual disputes preclude granting summary judgment.[3]

> To be entitled to judgment as a matter of law, [the defendants] must show that Plaintiff failed to produce substantial evidence such that a reasonable jury could find that the amount of force used to arrest Plaintiff was unreasonable and thus, a violation of the Fourth Amendment's prohibition on the use of excessive force by law enforcement officers.

*Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000). Taking the plaintiff's version of the facts as true, as the court is required to do at this juncture, a reasonable jury could conclude that the defendants used an unreasonable amount of force to complete the arrest of the plaintiff and thereby violated the Fourth Amendment. *Id.*

The defendants also assert that they are entitled to qualified immunity for their use of force against Bryant. According to the defendants, neither the Magistrate Judge nor the plaintiff "point to any case law that would indicate a reasonable police officer presented with the same facts in the same situation would have acted in any different way." (Doc. # 57 at 19). The defendants' argument misses the mark. Construing the facts in the light most favorable to the plaintiff, the law is clearly established that use of force on a non-resisting, submissive subject is violative of the

---

[2] The defendants all admit that force was used on Bryant to effectuate his arrest.
[3] For these same reasons, the defendants' objections regarding the plaintiff's state law claim of assault are due to be overruled.
.

Fourth Amendment. *See Merrick v. Adkisson*, 785 F.3d 553, 561-63 (11th Cir. 2015) (collecting cases); *Jones v. Michael*, 656 F. App'x 923, 929-30 (11th Cir. 2016); *Reese v. Herbert*, 527 F.3d 1253, 1273-74 (11th Cir. 2008). If the facts are determined to be as the plaintiff alleges, the law was clearly established so that qualified immunity would not apply. The factual disputes present in this case preclude summary judgment on both the merits of the case and the issue of qualified immunity because the nature of the disputes precludes the court from determining whether the defendants are entitled to qualified immunity. Thus, the court concludes that the defendants' objections regarding the plaintiff's claims of excessive force are due to be overruled.

Finally, defendant Davis objects to the denial of his motion for summary judgment on the plaintiff's claims related to the alleged body cavity search. According to defendant Davis, the alleged body cavity search was not unconstitutional because the law was not clearly established law that the search was unconstitutional. To determine whether the search of Bryant violated the Fourth Amendment, the Court must consider not only the reason for the search but the manner in which the search was performed. *See Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005). The defendant focuses on his reason for the search but ignores Bryant's allegations about the manner in which the search was allegedly

.

performed. The factual disputes about the reason for the search as well as the manner in which the search was conducted preclude summary judgment.[4]

Accordingly, it is ORDERED as follows:

1. The defendants' objections (doc. # 57) be and are hereby OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 56) be and is hereby ADOPTED;

3. Defendants City of Dothan and Parrish's motion for summary judgment (doc. # 42) be and is hereby GRANTED and Defendants City of Dothan and Parrish be and are hereby DISMISSED as parties to this action.

4. Defendants Cole, Davis, Krabbe, and Saxon's motion for summary judgment (doc. # 44) regarding the plaintiff's claims for non-intervention by the officers in count IV be and is hereby GRANTED

5. Defendants Cole, Davis, Krabbe, and Saxon's motion for summary judgment (doc. # 44) regarding the plaintiff's claims of excessive force in counts I, II, and III and plaintiff's claim for Assault in count IX be and is hereby DENIED. These claims shall proceed to trial.

DONE this 5th day of September, 2018.

    /s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

---

[4] Of course, the court makes no factual or credibility determinations, and the facts as determined by a jury may be different from those stated herein.

.